MARIO LUIS MERCADO, Plaintiff and Appellant, *v.* INSULAR RACING COMMISSION, ET AL., Defendants and Appellees.

No. 9975. Argued January 18, 1950.—Decided May 15, 1950.

*Pedro M. Porrata* and *Charles Cuprill* for appellant. *Diego O. Marrero* for appellees.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The appellant owns a race horse named "Inquietus", which ran in one of the races held at the Quintana Racing Park on July 18, 1948 and which ended in a tie between said horse and "Wise Admiral". The jury, *motu proprio* and without any investigation, suspended the horse "Inquietus" for a period of three months, depriving it of its share in the first prize, because in its opinion, it had run inconsistently.[1]

---

[1] Section 250 of the Rules of the Insular Racing Commission provides:

"When in a race and by comparison with its former behavior the jury believes that a horse is running inconsistently, it may suspend it for a period of not less than four (4) weeks."

The appellant filed a petition for an injunction in the District Court of San Juan against the jury and the Insular Racing Commission, alleging that the decision of the jury was void, among other reasons, because he was not given an opportunity to defend himself. His petition for injunction was denied and he appealed.

 The appellees admit that the appellant was not given an opportunity to defend himself, but claim that they acted according to § 250 of the Rules of the Insular Racing Commission and that § 96(h) of the said Rules[2] is not applicable. They base their theory on the fact that, according to § 250, the jury acts on its own observation, comparing the horse's behavior in the race with its previous performances; while § 96(h) refers to cases in which the investigation is limited to facts which the jury learns through another party, since the aforesaid Section refers to an investigation of the "facts complained of."

In *Hernández* v. *Insular Racing Commission*, 50 P.R.R. 96, this Court interpreted § 96(h) in the sense that the requirement of giving respondent an opportunity to be heard in his defense, also applies to situations in which the jury through its own observations learns of the facts. In said case the jury suspected that a jockey had acted irregularly in two races held on the same day. In one race they acquitted him and with regard to the other, after deliberating, suspended him for eight weeks without hearing him. This Court, in affirming the judgment that decreed an injunction to prevent the enforcement of the decision of the jury, relied on the fact that the jockey had not had an opportunity to defend himself and subsequently, in *Cruz* v. *Insular Racing Commission*, 65 P.R.R. 705, 706, we said:

---

[2] Section 96(h) of the Rules of the Insular Racing Commission provides:

"Before imposing any penalty, it should conduct, so far as possible, an investigation of the facts complained of, transcribing all testimony under oath and giving the offender an opportunity to be heard in his defense."

"It is true that in *Maldonado* v. *Insular Racing Commission*, 64 P.R.R. 481, *Sifre, etc.* v. *Pellón, etc.*, 54 P.R.R. 559, *Hernández* v. *Insular Racing Commission*, 50 P.R.R. 96, and *Romany* v. *Race Track Jury*, 55 P.R.R. 317, we held that under the circumstances of those cases injunctions should be granted when the Jury imposed penalties without granting a hearing under Rule 96 (*h*). But those cases involved more than the denial of a hearing: the decisions of the Jury were not appealable. Consequently, unless a court of equity intervened, the aggrieved parties had no method of obtaining review of the action of the Jury."

In the present case, the decision of the jury was not appealable either under § 18 of the Racing Act. This being so, the appellant has no means of obtaining a review of the action of the jury unless injunction is granted.

 Finally, the appellees argue that the appellant did not make use of what they call the administrative remedy provided in § 97 of the Rules which says:

"The jury is the only judge in the races. All the complaints which these may cause will be brought to said entity, through its president, immediately after the occurrence which gave rise to the complaint."

As it will be noticed, the above-copied Section refers to complaints related to the jury's action against violations of the law, but not to petitions for reconsideration, for that would be equivalent to requesting that the judgment be set aside in order to be given an opportunity to be heard.

The order will be reversed and another entered granting the injunction sought.

